**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN ROBERT DEMOS, JR.,

      Petitioner-Appellant,

v.

MARK E. McKINNA,

      Respondent-Appellee.

No. 00-1364

(D.C. No. 00-Z-1443)
(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **EBEL** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner John Robert Demos, a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2241 habeas petition. We deny a certificate of appealability and dismiss the appeal.

In March 1999, Demos was temporarily transferred from a state prison in Washington to a private correctional facility in Colorado. In his habeas petition, he sought release from custody, challenging the legality of his transfer. In denying relief, the district court held that a claim of state law violation is not cognizable in a federal habeas action and, even if Demos' claim could be construed as a federal constitutional claim, it lacked merit.

In Montez v. McKinna, 208 F.3d 862, 865-66 (10th Cir. 2000), this court held there is no federal statutory or constitutional prohibition against the transfer of an inmate from one state to a private facility in another state. To avoid application of Montez, Demos contends his transfer violated his state constitutional rights and state law. Questions of state law are not cognizable in a federal habeas action. Id. at 865.

Demos' motions for an evidentiary hearing, to supplement the record, to add additional proffers of proof, to set the case on the oral argument calendar, for bail and/or release on recognizance, for appointment of counsel, and for an order to show cause are DENIED. Demos has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and his request for a certificate of appealability is DENIED. The appeal is DISMISSED. Demos'

motion to proceed on appeal in forma pauperis is DENIED.  The mandate shall

issue forthwith.

<div style="margin-left: 50%">

Entered for the Court

Mary Beck Briscoe
Circuit Judge

</div>